UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,
FDOC Inmate No. 075432,
    Plaintiff,

vs.                              Case No.: 3:24cv486/LC/ZCB

WARDEN BLACKWATER RIVER
CORRECTIONAL FACILITY,
    Defendant.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He filed this *pro se* lawsuit against the warden at Blackwater River Correctional Facility on October 9, 2024. (Doc. 1).

Upon review of Plaintiff's litigation history, the undersigned has determined that he is a three-striker. This means that he is ineligible to proceed *in forma pauperis* (IFP) and was required to pay the filing fee upon initiating this suit. Plaintiff did not pay the filing fee, so for that reason, this case should be dismissed.

## I.   Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is ineligible to proceed IFP must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by simply paying the filing fee at a later time because the filing fee is due at the time the prisoner

*initiated* the suit. *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The Court has reviewed Plaintiff's litigation history on the Public Access To Court Electronic Records (PACER) database.[1] That review has revealed that Plaintiff (while a prisoner) previously filed at least three actions or appeals in federal courts that were dismissed for failure to state a claim on which relief can be granted. More specifically:

- *Hart v. Secretary*, 5:16cv362-WTH-PRL (M.D. Fla. Apr. 3, 2018) (dismissing Plaintiff's complaint for failure to state a claim on which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6));

- *Hart v. United States*, 1:16cv21889-FAM (S.D. Fla. July 29, 2016) (dismissing Plaintiff's complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii));

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

- *Hart v. Hayes*, 1:16cv21395-UU (S.D. Fla. May 10, 2016) (dismissing Plaintiff's complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii));

- *Hart v. Marlow*, 1:15cv21257-DPG (S.D. Fla. Aug. 31, 2015) (dismissing Plaintiff's complaint for failure to comply with court orders and, alternatively, for failure to state a claim, pursuant to § 1915A); and

- *Hart v. State of Florida*, 8:13cv2533-JSM-MAP (M.D. Fla. Oct 4, 2013) (dismissing Plaintiff's complaint as frivolous, pursuant to § 1915(e)(2)).[2]

In fact, this Court and the U.S. District Court for the Southern District of Florida have previously recognized Plaintiff as a three striker who is barred from proceeding IFP:

- *Hart v. Davis*, No. 3:24cv141/LAC/ZCB (N.D. Fla. Apr. 15, 2024);

---

[2] Plaintiff identified himself with FDOC inmate #075432 in his pleadings in those cases.

- *Hart v. Davis*, No. 3:23cv24653/TKW/ZCB (N.D. Fla. Dec. 21, 2023);

- *Hart v. Davis*, No. 3:20cv5587/LAC/EMT (N.D. Fla. July 7, 2021);

- *Hart v. Secretary*, No. 4:18cv411/MW/MJF (N.D. Fla. Jan. 17, 2019);

- *Hart v. Collins*, No. 4:18cv339/MW/CAS (N.D. Fla. Dec. 14, 2018);

- *Hart v. Turner*, No. 1:16cv22463-KMW (S.D. Fla. Sept. 26, 2016);

- *Hart v. Secretary*, No. 1:16cv23556-UU (S.D. Fla. Sept. 26, 2016); and

- *Hart v. Secretary*, No. 2:16cv14357-DMM (S.D. Fla. Sept. 15, 2016).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. And he makes no allegations that would support a finding that he is "under imminent danger of serious physical injury"

5

as required for the exception in § 1915(g) to apply.[3] Dismissal without prejudice is, therefore, appropriate.

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.   This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee when he commenced this case.

2.   The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 9th day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.

---

[3] Plaintiff merely cites to the imminent danger exception in 28 U.S.C. § 1915(g) and states that Blackwater River Correctional Facility "is known as one of the most violent prisons within the Florida Department of Corrections." (Doc. 1 at 1, 2, 3). These conclusory allegations fall woefully short of establishing that the imminent danger exception applies.

Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.